JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with those parts of the majority opinion which reverse the District Court’s order granting summary judgment to the defendants based on prosecutorial immunity and reverse the District Court’s dismissal of plaintiff’s claim based on failure to comply with the rules of pretrial discovery.
I dissent from that part of the majority opinion which affirms the District Court’s denial of plaintiff’s motion to amend her complaint.
Plaintiff’s original complaint was filed on April 8,1991, and named both Silver Bow County and the State of Montana as defendants. In that complaint, it was alleged that the plaintiff’s decedent was re-incarcerated at the Butte-Silver Bow County Jail on May 18,1989, *24 but that because he was depressed and inadequate precautions were taken to protect him from himself, he committed suicide and died on May 28, 1989. The complaint alleged that employees of Butte-Silver Bow County who knew the decedent was depressed and a suicide risk were negligent for failing to take steps to safeguard his life. It alleged that some of these same employees were also employees of the State of Montana, and therefore, that their negligence was attributable to the State of Montana.
On January 13, 1992, the court entered a scheduling order which required that motions and discovery be completed by October 1,1992, and set October 5 as the trial date. The trial date was later continued to November 2, 1992, and then on September 22, 1992, was vacated and no other date was set.
It was in this posture that on September 29,1992, plaintiff deposed Virginia Hill, a psychiatrist employed at the State Hospital, who had evaluated the decedent, Richard Smith. Based on her testimony, and less than 30 days following her testimony, on October 22, 1992, plaintiff moved for leave to file an amended complaint which, in essence, simply alleged that State employees other than those originally complained about were also negligent. Plaintiff pointed out that in her deposition Dr. Hill testified that it was the State Hospital’s practice to warn jailers when a suicidal inmate was returned to a jail, but that she did not do so in the case of Smith. Therefore, plaintiff simply sought to add the following language to her complaint:
Montana State Hospital, and [sic] agent or employee of Defendant State of Montana, failed to notify the Butte-Silver Bow County jail staff that Mr. Smith was a suicide risk, and failed to continue the deceased’s medication at the Butte-Silver Bow County Jail. Said conduct was a direct and proximate cause of decedent’s death.
Other than the allegation about failure to continue medication, the nature of the amended complaint was virtually identical to that of the original complaint except that additional employees of the State were accused of failing to notify Smith’s jailers of his mental condition. If the amendment was any more similar to the original complaint, an amendment would not have been necessary.
The District Court denied plaintiff’s motion to amend based on its conclusion that the proposed amendment did not relate back to the conduct or occurrence set forth in the original complaint, that the statute of limitations had expired, and that the State would be prejudiced if the proposed amendment were allowed. I disagree and *25 conclude that the District Court abused its discretion when it denied plaintiff’s motion to amend her complaint.
Rule 15(a), M.R.Civ.R, provides, in relevant part, that after issues have been joined by a responsive pleading, “a party may amend the party’s pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.” (Emphasis added). Rule 15(b) provides that amendments should even be freely allowed at the time of trial when presentation of the merits of the action are served thereby. The overriding concern is, and always should be, whether the opposing party would be prejudiced by the amendment.
Rule 15(c) provides that even when the amendment states a claim which would be otherwise barred by the statute of limitations it relates back to the original pleading when “the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....”
We discussed when amendments will relate back to the original complaint in Prentice Lumber Company v. Hukill (1972), 161 Mont. 8, 504 P.2d 277. There, we stated with approval the following general rule taken from 3 Moore’s Federal Practice § 15.15[3], 1025-27.
“Rule 15(c) is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitations are intended to afford. Thus, if the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged, such as by specifying particular acts of negligence under a general allegation of negligence, or remedies a defective pleading, will relate back even though the statute of limitations has run in the interim. Similarly, while it is still the rule that an amendment which states an entirely new claim for relief based on different facts will not relate back, if the pleading sufficiently indicates the transaction or occurrence on which the claim or defense is based, amendments correcting specific factual details, such as time and place, as well as other items, will relate back.” [Emphasis added].
Prentice Lumber Co., 504 P.2d at 281.
We also stated in Prentice Lumber Company, 504 P.2d at 281, that “[i]t is equally clear that an amendment that adds another claim *26 arising out of the same transaction or occurrence will relate back. 3 Moore’s Federal Practice, § 15.15[3], p. 1029, and cases cited therein.”
In this case, plaintiff originally alleged that employees of the State of Montana failed to notify Smith’s j ailers of his mental condition, and that as a result, he committed suicide. The amendment simply stated that additional employees of the State of Montana also failed to notify the same jailers of the same mental condition and that the same result occurred. The occurrence giving rise to the claim is the same. The occurrence is the decedent’s suicide which resulted from inadequate notice to his jailers. The only thing that changed in the amended complaint were details regarding the specific State employee who had failed to give the notice. For these reasons, the amendment did relate back and the motion to amend should not have been denied based on the District Court’s conclusion that it did not do so.
Next, the District Court concluded, and the majority agrees, that the State of Montana would have been prejudiced if the amendment had been allowed. Although no explanation was given by the District Court, the majority reasons that in order to defend against the amended complaint, the “State would be required to expend a considerable amount of money and time to conduct additional discovery.” While it is regrettable reality that it costs money to prove claims, as well as to defend against them, in our American system of justice, that is hardly a basis for concluding that prejudice exists which will preclude an amendment. If so, no complaint nor any answer can ever be amended.
The purpose of liberally allowing amendments to the pleadings is to resolve claims on their merits, rather than on procedural technicalities. According to the majority’s conclusion, ¡that could never be done.
We also discussed the issue of when amendments should be allowed in Prentice Lumber Company. There, we stated that:
The purpose of Federal Rule 15 is described in 3 Moore’s Federal Practice, § 15.02[1], p. 813, in this language:
“Rule 15 is one of the most important of the rules that deal with pleadings. It re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits.” ¡
*27 “Rule 15(a) declares that leave to amend ‘shall be freely given when justice so requires’; this mandate is to be heeded. [Citing Moore’s Federal Practice] If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasons — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be ‘freely given.’...”
Prentice Lumber Company, 504 P.2d at 282.
There is no evidence of bad faith or dilatory motive on the part of plaintiff in this case. Nor were there any previous amendments allowed. The futility of the amendment is argued by the State but was neither addressed by the District Court nor the majority. The sole remaining reason for denying the amendment was prejudice to the defendant. I conclude that prejudice to the opposing party should always be the overriding concern when an amendment which would otherwise allow a claim to be resolved on its merits is proposed. However, in this case, where discovery had been extended by agreement of the parties; where the proposed amendment resulted from information developed from depositions which had been recently taken; and where, finally, the trial date had been vacated and no new trial date had been set so that further discovery was not a problem, there was no prejudice to the defendant.
The mere expense of defending against an amended complaint does not establish prejudice, since it costs money to prove or defend against any claim, and on that basis, every amendment would have to be denied. Therefore, I conclude that the District Court erred when it denied plaintiff’s motion to amend her complaint, and I dissent from the majority opinion which affirms that order of the District Court.
JUSTICE HUNT joins in the foregoing concurrence and dissent.